IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISON

| | | |
|---|---|---|
| RICHARD MORRISON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. _____ |
| I.Q. DATA INTERNATIONAL, INC., | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff Richard Morrison respectfully shows the Court the following:

Parties, Jurisdiction and Venue

1. Mr. Morrison is an individual and a "consumer" under 15 U.S.C. § 1681a(c).

2. Defendant I.Q. Data International, Inc. ("IQ Data") is a Washington corporation having its principal place of business at 21222 30th Drive, Suite 120, Bothell, Washington 98021. IQ Data is a collection agency and furnisher of data to consumer reporting agencies, including TransUnion, Experian and Equifax. IQ Data is subject to the jurisdiction of this Court because it is authorized to transact business in Tennessee, and it may be served with process by serving its registered

agent, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq.*, which is also known as the Fair Credit Reporting Act ("FCRA").

4. Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## Factual Background

5. In July of 2020, Mr. Morrison's son, Patrick Ward Morrison ("PWM"), entered into an apartment lease with Future Wise Investments, LLC ("Landlord") for an apartment in Redmond, Washington. The lease provided that it would expire effective April 12, 2021. Mr. Morrison is a guarantor on this lease, and he paid PWM's rent for the duration of the lease.

6. On February 15, 2021, PWM expressed interest in extending the lease past the April 12, 2021 expiration date. Landlord's representative responded that same day, and indicated that the lease could be extended, and that PWM would be required to provide 20-day notice prior to vacating the apartment.

7. On February 16, 2021, PWM e-mailed the landlord's representative, indicating that he would be moving out in "late April/early May".

8. On April 9, 2021, PWM again e-mailed the landlord's representative, and asked "is there a way to extend my lease by a month?" That same day, he landlord's representative responded "Yes, should I update your move out to 5/31?" On April 10, 2021, PWM responded "I'll need to figure out the exact move in date but that's a good placeholder".

9. The landlord's representative responded "We will go ahead and enter in your notice to move out end of May. Can you please complete the bottom portion of this notice to vacate form and return it to us when you can? We can also door tag a copy to you if you'd prefer." On April 13, 2021, PWM responded "door tagging a copy would be great!". PWM so responded because he knew that he would move out no later than May 15, 2021. Later on April 13, 2021, the landlord's representative responded "We just door tagged it to you!"

10. Between April 13, 2021 and April 25, 2021, PWM completed the door tag, indicating that he would be vacating by May 15, 2021. He dropped the completed tag in the landlord's representative's office door slot, since the door was locked.

11. PWM entered into a new lease with a different landlord effective May 11, 2021, and moved out by May 15, 2021.

12. In April 2022, almost a year later, Plaintiff was contacted by a representative of the landlord who alleged that he was responsible for May 2021

rent charges and interest totaling $1,118.81. Included in the rent charges was a charge for $870 in rent for May 2021, which represents the full monthly rental charge for the month of May 2021.

13. Plaintiff explained the basis for his dispute in detail to the landlord's representative in April 2022, and he even sent a check in the amount of $587.50, which is the amount sought, less $435 in rent (one-half of the May 2021 rent charge).

14. However, the landlord refused to cash the check. Then, the landlord referred the matter to the Defendant, IQ Data International, Inc. ("IQ Data"), a collection agency.

15. The Defendant reported to that Plaintiff owed $1,118.81 to credit reporting agencies Equifax, Experian and TransUnion (the "CRAs").

16. On June 6, 2022, Plaintiff exercised his rights under 15 U.S.C. §§ 1681i(a) and 1681s-2(b) by disputing that information with the CRA's (the "Disputes").

17. In his Disputes, Plaintiff clearly outlined the bases for the Disputes.

18. Therefore, under 15 U.S.C. § 1681i(a)(2), the CRAs were obligated to provide notice of the Disputes and all materials that accompanied the Disputes to Defendant, which they did.

19. Upon receipt of the Disputes from the CRAs, Defendant was required to conduct reasonable reinvestigations of the Disputes in compliance with 15 U.S.C. § 1681s-2(b).

20. Defendant failed to conduct reasonable reinvestigations of the Disputes, by, *inter alia*, failing to consider the asserted bases, and by failing to verify that the amounts sought were actually owed.

21. Following Defendant's failure to conduct reasonable reinvestigations of the Disputes, Defendant verified that the information it had furnished to the CRAs regarding Plaintiff's alleged debt to the landlord was accurate.

22. As a result, inaccurate and derogatory information has remained on Plaintiff's consumer reports.

23. As a proximate result thereof, Plaintiff has suffered actual damages, including but not limited to credit denials, loss of credit opportunities and emotional distress, including anxiety that his ability to obtain credit in the future might be affected. Plaintiff has diligently worked to maintain a high credit score for his entire adult life, and the inaccurate reports are a public stain on his record.

Count 1 – Violation of 15 U.S.C. § 1681s-2(b) by Defendant

24. Defendant negligently, or in the alternative recklessly and/or willfully, violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable reinvestigations of the Disputes as alleged in Paragraph 16 above.

25. As a proximate result thereof, Plaintiff has suffered and is entitled to recover actual damages as alleged in Paragraph 23 above in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

26. In the alternative and as a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681s-2(b), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

27. As a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681s-2(b), Plaintiff is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

28. Plaintiff is also entitled to recover his costs of this action and reasonable attorneys' fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Plaintiff respectfully prays that the Court:

1. Issue process to Defendant;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Plaintiff as consistent with the jury's verdict; and,

4. Grant Plaintiff such other and further relief as it deems just and necessary.

This 9th day of June, 2023.

/s/ Walter E. Grantham
Walter E. Grantham
Tennessee Bar No. 014327
PO BOX 681115
Marietta, GA 30068
wgrantham@granthamlaw.com
770.951.8401

Charles J. Cole (pro hac vice)
Georgia Bar No. 176704
cjc@mcraebertschi.com
678.999.1105

*Counsel for Plaintiff*